■ TIMOTHY C. LONG, Appellant, v GENE C. TINGUE, Respondent. [21 NYS3d 518]—

Appeal from a judgment of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered February 13, 2015. The judgment awarded plaintiff money damages.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the damages award except with respect to the $510 for "Damage to Realty," and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Cattaraugus County, to determine the amount of damages to be awarded pursuant to RPAPL 861 (1) in accordance with the following memorandum: Plaintiff commenced this RPAPL 861 action seeking damages for, inter alia, defendant's cutting and removal of trees from a parcel of plaintiff's property. The complaint sought, among other damages, treble the stumpage value of the trees, as well as $250 per tree and damages for permanent and substantial damage to the land. Plaintiff appeals from a judgment awarding him the stumpage value of the trees and $510 for "Damage to Realty."

We conclude that Supreme Court properly awarded plaintiff the $510 for the "Damage to Realty," but we agree with plaintiff that the court erred in limiting the remainder of his damages to the stumpage value of the trees. "Damages pursuant to RPAPL may be awarded 'equal to treble the stumpage value (as defined) of the trees or timber, or $250 per tree, or both such treble value and amount per tree, and for any permanent

and substantial damage to land or improvements caused by such violation' " (*Vanderwerken v Bellinger*, 72 AD3d 1473, 1476 [2010], quoting Winter and Loeb, Practice Commentaries, McKinney's Cons Laws of NY, Book 49½, RPAPL 861 at 439). Plaintiff presented evidence of the damages to the land and the stumpage value of the trees (*cf. id.* at 1473-1474; *Western N.Y. Land Conservancy, Inc. v Cullen*, 66 AD3d 1461, 1464 [2009], *appeal dismissed* 13 NY3d 904 [2009], *lv denied* 14 NY3d 705 [2010]), and the court awarded him that amount. The statute, however, provides that plaintiff is entitled to treble the stumpage value, or $250 per tree, or both (RPAPL 861 [1]), in addition to "permanent . . . damage to the land." We therefore modify the judgment by vacating the damages award except for the award of $510 for the "Damage to Realty," and we remit the matter to Supreme Court for a determination whether plaintiff is also entitled to treble the stumpage value, $250 per tree, or both (RPAPL 861 [1]). Present—Smith, J.P., Peradotto, Carni, Lindley and Whalen, JJ.